UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LIZETTE GONZALEZ, individually

     Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC., an Ohio corporation and
MIDLAND FUNDING, LLC, a Delaware
limited liability company

     Defendants.

## COMPLAINT

COMES NOW, the Plaintiff, LIZETTE GONZALEZ, hereinafter "Plaintiff" by and through the undersigned counsel and hereby brings this action against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., and Defendant, MIDLAND FUNDING, LLC, hereinafter, collectively "Defendants", for statutory and/or actual damages, and attorney's fees for violations under the Fair Credit Reporting Act 15 U.S.C. §1681 *et seq*. (hereinafter "FCRA"), and in support thereof alleges as follows:

## JURISDICTION

1.    Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331 and 15 U.S.C. §1681 *et seq*.

## VENUE

2.    Venue is proper in the United States District Court for the Southern District of Florida

pursuant to 28 U.S.C. §1391 (b) and (c), as the unlawful practices alleged herein took place in Broward County, Florida, and the Defendant, EXPERIAN is an Ohio corporation who transacts business in Broward County, Florida, and Defendant, MIDLAND FUNDING, LLC is a Delaware limited liability company who transacts business in Broward County, Florida and the transaction that is the basis of Plaintiff's Complaint occurred within the District and venue, therefore, properly lies in this Court.

## PARTIES

3.    Plaintiff, LIZETTE GONZALEZ is an individual residing in the County of Broward, State of Florida, and is a "consumer" as defined by §1681a(c) of the FCRA and as amended in §1692 *et seq*.

4.    Plaintiff brings this action against Defendants based on the Defendants' practice of violating 15 U.S.C. §1681i, a provision of the FCRA.

5.    Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., ("Experian") is a corporation incorporated under the laws of the State of Ohio authorized to do business in and regularly conducts business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

6.    Defendant, MIDLAND FUNDING, LLC, a Delaware limited liability company, that regularly conducts business in the State of Florida where it engages and conducts business and Defendant is considered a "person" as defined by 15 U.S.C. § 1681a(b) and a "furnisher of information"  pursuant to 15 U.S.C §1681 of the FCRA.

**BACKGROUND**

7.    The Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*. (hereinafter "FCRA"), was

originally enacted in 1970 for the purpose of regulating the collection, dissemination, and

use of consumer credit information.

8.    The FCRA, codified as 15 U.S.C. §1681a provides as follows:

>    (1)(a)   A person shall not furnish any information relating to a consumer to any
>    consumer reporting agency if the person knows or has reasonable cause to
>    believe that the information is inaccurate.
>
>    (1)(b)   A person shall not furnish any information relating to a consumer to any
>    consumer reporting agency if –
>    >    (i)      the person has been notified by the consumer, at the address
>    >             specified by the person for such notices, that specific information
>    >             is inaccurate; and
>    >    (ii)     the information is, in fact, inaccurate.
>
>    (2)      A person who –
>    >    (A)      regularly and in the ordinary course of business furnishes
>    >             information to one or more consumer reporting agencies about the
>    >             person's transactions or experiences with any consumer; and
>    >    (B)      has furnished to a consumer reporting agency information that the
>    >             person determines is not complete or accurate, shall promptly
>    >             notify the consumer reporting agency of that determination and
>    >             provide to the agency any corrections to that information, or any
>    >             additional information, that is necessary to make the information
>    >             provided by the person to the agency complete and accurate, and
>    >             shall not thereafter furnish to the agency any of the information
>    >             that remains not complete or accurate."

9.    On or about, September  6, 2013, the Plaintiff mailed a dispute letter to the Defendant,

EXPERIAN, in which Plaintiff notified the Defendant, EXPERIAN that the information

that was reporting on Plaintiff's credit report was inaccurate.

10.   Plaintiff specifically disputed the account listed on Plaintiff's credit report reported by the

Defendant, Midland Funding, LLC and demanded its correction or removal.

11.   Defendant, EXPERIAN received Plaintiff's dispute letter and upon information and belief,

sent either a consumer dispute verification form and/or an electronic automated consumer dispute verification form to the Defendant, MIDLAND FUNDING, LLC.

12.   However, despite having received a dispute letter from the Plaintiff, Defendant, EXPERIAN and Defendant, Midland Funding, LLC failed to properly conduct a reasonable investigation and make the corrections to the Plaintiff's credit profile as required by 15 U.S.C. §1681i.

13.   In addition, Defendant EXPERIAN failed to follow reasonable procedures in the processing of the Plaintiff's dispute letter which resulted in inaccurate information appearing on Plaintiff's credit report.

14.   As a result of this negligent and willful violation of §1681c(g), Plaintiff has suffered damages as a result of Defendants' incorrectly reporting Plaintiff's credit worthiness, Plaintiff's impaired ability to rebuild Plaintiff's credit worthiness, Defendants' misinforming third-parties as to the status of Plaintiff's account which is incorrect, inaccurate, misleading and/or false, Plaintiff's inability to obtain and benefit from new credit, damage to reputation, invasion of privacy, interference with Plaintiff's normal and usual activities, and Plaintiff's mental and emotional pain, anguish, frustration, humiliation, anxiety, fear, and embarrassment of credit denials.

15.   As such, Defendant is liable to Plaintiff as promulgated by Congress in 15 U.S.C. §1681n which provides as follows:

   (a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of
   (1)   (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or
         (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is

greater;

(2)     such amount of punitive damages as the court may allow; and

(3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

### COUNT I
### VIOLATION OF THE FAIR CREDIT REPORING ACT
### BY DEFENDANT EXPERIAN, 15 U.S.C. §1681e(b)

16.     Plaintiff re-alleges and incorporates the background allegations contained herein.

17.     Defendant, EXPERIAN, violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

18.     As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

19.     Defendant, EXPERIAN's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined at the Court pursuant to 15 U.S.C. §1681n.  In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

20.     The Plaintiff is entitled to recover costs and attorney's fees from Defendant EXPERIAN, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II
### VIOLATION OF THE FAIR CREDIT REPORING ACT
### BY DEFENDANT EXPERIAN, 15 U.S.C. §1681i

21.     Plaintiff re-alleges and incorporates the background allegations contained herein.

22.     Defendant, EXPERIAN violated 15 U.S.C. §1681i on multiple occasions by failing to correct, update or delete inaccurate information in the Plaintiff's credit file after receiving

actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

23.  As a result of this conduct, action and inaction of Defendant, EXPERIAN, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

24.  Defendant, EXPERIAN's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined at the Court pursuant to 15 U.S.C. §1681n.  In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

25.  The Plaintiff is entitled to recover costs and attorney's fees from Defendant EXPERIAN, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORING ACT,
## 15 U.S.C. §1681s-2(B) AGAINST DEFENDANT, MIDLAND FUNDING, LLC

26.  Plaintiff re-alleges and incorporates the background allegations contained herein.

27.  At all times material to this action, Defendant violated § 1681n and § 1681o of the FCRA by engaging in willful and negligent acts which violate § 1681s(2)(B) as follows:

   a. Failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b. Failing to review all relevant information concerning Plaintiff's account as provided to the Defendant;

c.  Reporting the inaccurate status of the inaccurate information to credit reporting agencies and/or without including a notation that the debt was disputed;

d.  Failing to delete incomplete and inaccurate information on Plaintiff's file after conducting an investigation;

e.  Failing to properly participate, investigate and comply with the re-investigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by the Plaintiff;

f.  Failing to correctly report results of an accurate investigation to every other credit reporting agency;

g.  Continuing to furnish and disseminate inaccurate and derogatory credit, account status and other information concerned the Plaintiff to credit reporting agencies and other entities despite knowing that said information was false or inaccurate.

h.  Failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(B).

## JURY TRIAL DEMAND

28.  Plaintiff request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, prays that this Court enter the following relief against the Defendant:

(a)  Actual Damages pursuant to 15 U.S.C. §1681o(a) be awarded for each negligent violation as alleged herein;

(b)  Statutory Damages pursuant to 15 U.S.C. §1681n(a) be awarded for each willful

violation as alleged herein;

(c)     Punitive Damages under 15 U.S.C. §1681n(a)(2);

(d)     Attorneys' fees, litigation expenses and costs pursuant to 15 U.S.C. §1681n(a)(3)

and §1681o(a)(2);

(e)     Interest as permitted by law; and

(f)     Such other and further relief including as the Court deems equitable and just

under the circumstances.

DATED:  January 17, 2014

MILITZOK & LEVY, P.A.
*Attorneys for Plaintiff*
The Yankee Clipper Law Center
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
(954) 727-8570 - Telephone
(954) 241-6857 – Facsimile
mjm@mllawfl.com

By: /s/ Matthew J. Militzok
MATTHEW J. MILITZOK, ESQ.
Fla. Bar No.: 0153842